Argued at Pendleton May 4, affirmed June 16, rehearing denied July 21, 1925.

# CITY OF ATHENA *v.* MARION JACK, ADM., ETC.

## (236 Pac. 760.)

**Constitutional Law—Municipal Corporations—Court Held Precluded from Inserting Word "South" in Statute Defining Boundary of City.**

1. In construing Special Laws of 1905, page 861, Article I, Section 2, to determine eastern boundary of City of Athena, not defined by city council pursuant to Article III, Section 1, of such act, which gives a description similar to that given in Laws of 1889, page 311, and Laws of 1891, page 391, except that act of 1905, omits word "south," the Supreme Court is precluded by Section 715, Or. L., and Constitution, Article III, Section 1, from inserting in 1905 act word "south" occurring in prior acts, on the assumption that such word was inadvertently omitted in 1905 act, since to do so would be invasive of province of legislature.

**Municipal Corporations—Payment of Taxes Held not to Preclude Owner from Resisting Lien for Improvement.**

2. Payment of city taxes, erroneously assessed against property adjoining exterior boundaries of city, does not preclude owner, upon discovering that property is not within city limits, from refusing to continue to pay such taxes and from resisting suit to enforce lien for local improvement.

**Municipal Corporations—Voting by Tenants at Elections Held not to Estop Owner from Contesting Lien for Improvement.**

3. That persons living on property not within city limits participated in city elections and voted thereat, whether done innocently or fraudulently, *held* not to estop owner from denying right of city to levy taxes thereon, or from resisting enforcement of a lien for a local improvement.

**Municipal Corporations — City not Empowered to Create Lien on Realty Beyond Limits for Street Improvement.**

4. City of Athena is not empowered to create or maintain lien for street improvement within city, upon realty beyond city limits, in absence of express contract or legislative authority.

**Municipal Corporations—Defense Against Lien for Street Improvement Held not Collateral Attack on Corporate Existence.**

5. Defense that property, against which city seeks enforcement of lien for street improvement, is not within limits of city, *held* not improper as collateral attack on corporate existence.

1.  See 25 R. C. L. 963.
2.  See 10 R. C. L. 722.
3.  See 10 R. C. L. 723.
5.  See 19 R. C. L. 703.

Municipal Corporations—Boundary Defined Plats Referred to in Charter.

6. Until the new east boundary of the City of Athena is established by the city or its proper officers, as authorized by its charter (Sp. Laws 1905, p. 865, Art. III, § 1), east boundary of the city is defined by the east boundary of the tracts platted, the plats of which are referred to in the charter.

See (1) 12 **C. J.** 883; 28 **Cyc.** 180. (2) 28 **Cyc.** 1171. (3) 28 **Cyc.** 1171. (4) 28 **Cyc.** 1128. (5) 28 **Cyc.** 174. (6) 28 **Cyc.** 180.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Messrs. Watts & Prestbye,* with an oral argument by *Mr. E. C. Prestbye.*

For respondents there was a brief over the names of *Messrs. Raley, Raley & Steiwer* and *Mr. Will M. Peterson,* with an oral argument by *Mr. Peterson.*

RAND, J.—In this suit the City of Athena, a municipal corporation, is seeking to enforce, as against a tract of land belonging to the defendants, a lien growing out of the improvement of one of its streets. The improvement consisted of the paving by the city of Fifth Street in 1921. The property, against which the lien is asserted, is contiguous to the east line of Fifth Street for a distance of six hundred feet. This, and other parts of Fifth Street, was paved. Prior to the 1905 amendment by the legislature of the charter of the City of Athena, this tract was within the corporate limits of the city. It has never been platted and is that part of the Kirk farm upon which the farm buildings have been constructed and maintained. The complaint alleges,

and the answer denies, that the property is within the corporate limits of the City of Athena, and this is the only fact in dispute in the case.

The case was tried upon an agreed state of facts set forth in a written stipulation, signed by the attorneys for plaintiff and defendants and filed with the clerk of the court below. Amongst other things, it was stipulated "that all of the acts and proceedings of the City of Athena, had for the purpose of paving Fifth Street in the said city, were done and had in compliance with law and are in all respects regular and in accordance with the laws of the State of Oregon; and if the said tract of land above described is within the limits of the City of Athena as constituted at the time such proceedings were had the city has a good and valid lien against the west half of such property for the sum of $2,679.01 with interest thereon at the rate of six per cent per annum from the first day of August, 1921, until paid and that judgment and decree may be entered in this cause therefor," and "That if it shall be determined that the said tract of land above described is and was not so within the boundary of the City of Athena then the said lien is void, of no effect and judgment and decree may be entered herein to that effect."

As originally incorporated, the City of Athena was incorporated as the town of Centerville, but the name was changed to that of the City of Athena by an act of the legislature amending its charter in 1889. It has since been reincorporated by special acts of the legislature, first, in 1891, and again in 1905. The acts reincorporating the city may be found in the Session Laws of Oregon of 1889, p. 311; in the Session Laws of Oregon of 1891, p. 391, and in the Special Laws of Oregon for 1905, p. 861. In

the act of 1889, as well as in the act of 1891, the corporate limits of the City of Athena are described as follows: "Beginning at the northeast corner of Railroad addition to the town of Centerville, as per plat thereof now on file and of record in the office of the county clerk of Umatilla County, Oregon, thence south to Wild Horse Creek; thence down Wild Horse Creek to a point where it is intersected by range line between ranges thirty-four and thirty-five; thence north on said range line to the southwest corner of section nineteen, township four north, range thirty-five east, of the Willamette meridian; thence east on section line between said sections eighteen and nineteen to the place of beginning."

The act of 1905, defining the corporate limits of the City of Athena, reads as follows: "Section 2. The corporate limits of the City of Athena shall be as follows, namely, beginning at the northeast corner of Railroad Addition limits of the city (formerly town of Centerville) as per plat thereof now on file and of record in the office of the county clerk of Umatilla County, Oregon, thence to Wild Horse Creek (it will be noted here that the word 'south' contained in the former descriptions of this course is omitted from the amendment); thence down Wild Horse Creek to a point where it is intersected by range line between ranges thirty-four and thirty-five; thence north on said range line to the northeast (northwest) corner of section nineteen (19), township four (4) north, range thirty-five (35) east of the Willamette Meridian; thence east on section line between said sections eighteen (18) and nineteen (19) to the place of beginning."

. The only material change in this description of the exterior boundaries of the city is the omission of

the word "south" in the description of the first
course, the east line of the city. The channel of
Wild Horse Creek lies to the south of the city and
at that point flows in a westerly direction, hence,
a line extending to Wild Horse Creek from the north-
east corner of Railroad Addition, which is the north-
east corner of the city limits, might, under this de-
scription, intersect the creek at any point above the
point of intersection of said creek with said range
line, and there is nothing in the description to
identify the point where it would intersect the creek.
For this reason the east boundary of the city is so
indefinite and uncertain that it cannot be identified,
unless it is made definite by some other provision
of the same charter.

Section 1 of Article III of the 1905 act provides:
"The common council shall have power and authority
within the corporate limits of the City of Athena * *
13. To provide for the boundaries of the city,
and all streets, lots and blocks within such bound-
aries, and to have plats made of the same, and adopt
such plats as the official plats of the Town of Center-
ville, and the additions thereto, now on file and of
record in the office of the County Clerk of Umatilla
County, Oregon, shall for all purposes be taken and
deemed as the official plats of said City of Athena,
until otherwise provided as herein described." It
is admitted that nothing has been done by the city
council to define the boundaries of the city. As-
suming, as contended for by plaintiff, that the of-
ficial plats of the town of Centerville and the addi-
tions thereto now on file and of record in the office of
the county clerk in themselves fix the eastern
boundary of the city, then we are confronted with
the stipulation of counsel that the tract of land,

against which this lien is attempted to be asserted, has never been made the subject of, nor included in, any plat ever filed with the county clerk, for the stipulation is that this tract of land has never been platted. If the east line of the city is to be determined by the official plats, then the record shows that the east line of the city would extend from the northeast corner of Railroad Addition south along the east line of Sixth Street to the south line of Adams Street; thence west along the south line of Adams Street and on the line of one of the exterior boundaries of the property in controversy to the east line of Fifth Street; thence south along the east line of Fifth Street, which for a distance of six hundred feet is the west line of the property in dispute; thence continuing on said east line of Fifth Street to where that line intersects Wild Horse Creek if, as the map in evidence seems to indicate, the platted portion of the city extends that far. If the line thus indicated by these plats constitutes the eastern boundary of the city, then the premises in controversy are not within the corporate limits of the city. Unless the line thus traced does constitute the eastern boundary of the city, then there is no method or means provided by the charter by which that boundary can be determined.

We have examined, in the office of the Secretary of State, the enrolled bill of the 1905 act reincorporating the City of Athena and find that there is no discrepancy between the enrolled statute and the printed statute; the printed statute is a literal copy of the enrolled statute, and the word "south" has been omitted from both.

1. It is contended that in the construction of this special statute it should be construed as if the

word "south" had not been omitted from the description of the east boundary of the city, upon the theory that it was omitted by inadvertence or mistake, and that it cannot be assumed that the legislature intended to define the east boundary of the city in terms so indefinite and uncertain that it could not be rendered certain. Section 715, Or. L., provides that: "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted." To add to this description the word "south" which the legislature presumably intended to omit therefrom is forbidden by the statute. Not only is it forbidden by the statute, but it would be an unwarranted exercise by the courts of the power of legislation which is forbidden by the Constitution of the state, since it would be an act of legislation and not a judicial act. Article III, Section 1, of the state Constitution provides that "The powers of the government shall be divided into three separate departments—the legislative, the executive, including the administrative, and the judicial; and no person charged with official duties under one of these departments shall exercise any of the functions of another, except as in this constitution expressly provided."

2, 3. Plaintiff contends that under the facts stipulated the defendants are estopped to deny that the tract of land in controversy is not within the corporate limits of the city. The stipulation recites that J. T. Kirk, the ancestor of the defendants, in about 1873 settled upon the northeast quarter of section nineteen, township four, north range thirty-five, east

of the Willamette Meridian, and constructed his residence upon the particular tract involved in this controversy, and that he resided there continuously until his death in 1910; that while so residing there he was elected mayor of the City of Athena in March, 1891, and served as such until March, 1893, and was elected as a councilman and served from March, 1903, until October, 1906, when he resigned; that there are two residences upon the premises in controversy, and that the persons who have resided therein, but not these defendants, have voted at all city elections, and that up to 1923 taxes levied by the city upon the premises in controversy were paid to the city from year to year by the defendants.

The facts stipulated are not sufficient to preclude the defendants from resisting the enforcement of a lien by the city for an improvement within the city, as against property located outside of the city limits. The payment of taxes to a city for years, erroneously assessed against property which happens to adjoin the exterior boundaries of the city but lies outside of the city limits, will not preclude the owner of such property, upon discovering that his property is not within the city limits, from refusing to continue the payment of such taxes and from resisting the payment thereof when suit is brought for their recovery; nor would the participating at city elections and voting thereat, whether done innocently or fraudulently, by persons living on such property estop the owner thereof from denying the right of the city to levy taxes thereon. There is nothing to show that the parties who resided upon the property in controversy knew any more about the exterior boundaries than the city itself, or that the de-

fendants, when paying taxes upon the property in controversy, knew that the same was outside of the limits of the city, but whether they had such knowledge or not, neither the payment of city taxes thereon nor the voting by their tenants at city elections could preclude them from resisting the enforcement of the lien which the city seeks to have enforced in this suit.

4. It is obvious that in the absence of an express contract or some legislative authority it is not within the powers of the City of Athena to create or maintain a lien by virtue of some street improvement within the city upon real property located outside of the city limits. There is no contention that the City of Athena was empowered by the legislature to bind property outside of the city limits for an improvement of one of its streets, or that the owners of the property had contracted to reimburse the city for its expenditures in paving Fifth Street.

5, 6. There is no merit in the contention that the defense made is one which can only be raised in *quo warranto* proceedings, or that the same is a collateral attack upon the corporate existence of the city. The defense is one which could be made whether the City of Athena is a duly constituted municipal corporation or not, and in no way brings in question the corporate existence of the plaintiff. That question is wholly irrelevant to the defense made. However, the City of Athena is a duly constituted municipal corporation, and, under its charter, until a new east boundary of the city is established by the city or its proper officers, as authorized by the charter, the east boundary of Athena is defined by the east boundary of the tracts platted, the plats of which are referred to in the charter:

For these reasons the decree appealed from is affirmed.        AFFIRMED. REHEARING DENIED.

BEAN, J., took no part in the consideration of this case.