Argued February 17, affirmed March 15, 1976

CITY OF KLAMATH FALLS, *Appellant,*
*v.*
LEWIS et al, *Respondents.*
(No. 74-436E, CA 5118)
546 P2d 1113

*B. J. Matzen,* Klamath Falls, argued the cause and filed the briefs for appellant.

*H. F. Smith,* Klamath Falls, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

According to the pleadings in this case, the City of Klamath Falls constructed a street which ran along the city boundaries and outside the city boundaries. It levied special assessments for part of the cost of construction upon the lands of the defendants which were benefited, but not within the city boundaries. They denied responsibility therefor, and this declaratory proceeding was brought by the city to declare the liens for such costs valid against defendants' properties. Defendants answered, admitting the facts and denying liability. The court tried the matter on the pleadings, and held the assessments invalid. This appeal is by the city.

The city concedes it cannot levy assessments against property outside the city without a grant of authority therefor. *See City of Athena v. Jack,* 115 Or 357, 365, 236 P 760 (1925). Under home rule charters cities have authority to perform public functions "within their borders." *Straw v. Harris,* 54 Or 424, 436, 103 P 777 (1909) (questioned in other respects in *State ex rel Heinig v. Milwaukie,* 231 Or 473, 477, n 6, 373 P2d 680 (1962)). The legislature thus, if there is to be any such authority, must confer on cities extraterritorial authority, which a city must thereafter accept in order to exercise it. *Riggs v. Grants Pass,* 66 Or 266, 134 P 776 (1913). In some situations the legislature may have conferred powers upon individual cities beyond those a city could later assume under the home rule provisions of the state constitution by special legislative charters preceding the home rule amendment, Art XI, § 2 of the Oregon Constitution, which was adopted in 1906. *In re Application of Boalt,* 123 Or 1, 260 P 1004 (1927). Such powers extend beyond the time of adoption of the home rule amendment unless repealed. *Grayson; Heer v. State,* 249 Or 92, 436 P2d 261 (1968).

Here, however, the city points to no special charter authority or legislative authority of the nature men-

tioned. In 14 McQuillin, Municipal Corporations 169, § 38.52 (3d ed 1970), the general rule, obviously applicable in Oregon (*Straw v. Harris,* supra; *City of Athena v. Jack,* supra), is stated: "* * * The improvement district * * * cannot include * * * property beyond the city limits * * *." (Footnotes omitted.)

The city contends that its specific charter authority to levy assessments on benefited property for local improvements impliedly carries with it a grant of authority to do the things necessary to carry out the specific grant. This is refuted with reference to properties lying outside the city by cases like *Fisher v. City of Astoria,* 126 Or 268, 269 P 853, 60 ALR 260 (1928), where the court pointedly states that a grant of authority to make an improvement does not, by itself, confer authority to levy any assessments therefor. 126 Or at 280. It is also refuted by statements like those from *Straw v. Harris,* supra, and *McQuillin, Municipal Corporations,* supra.

Therefore, the authority, if there is any, for what the city seeks must be found in legislative grants of authority. The city relies upon ORS 223.930(1):

"Any city may construct, improve, maintain and repair any street the roadway of which * * * is along or along and partly without, or partly within and partly without the boundaries of the city and may acquire, within and without the boundaries of such city, such rights of way as may be required for such street by donation or purchase or by condemnation * * *."

There is no specific grant of authority to assess benefited property outside of the city for such improvements in this statute. The city contends such power is implied therein. The legislative history does not bear this out. This was enacted as Oregon Laws 1955, ch 551. It was introduced as Senate Bill 453 and a companion bill, Senate Bill 454,[1] was introduced the same

[1] Senate Bill 454 was enacted as Oregon Laws 1955, ch 388. It amended ORS 373.260, which already provided for agreements between counties and cities for constructing and sharing costs for roads which overlapped county and city boundaries. The 1955 amendment added authority for acquisition of and sharing costs of such roadways, and reenacted all of the previous provisions of the statute.

day under the same sponsorship. Testimony before the Senate Roads and Highways Committee indicates the immediate reason for the enactment of these statutes was that the City of Medford was seeking to join segments of an arterial street because its projection crossed an area of county land not in the city. The companion measure (Senate Bill 454) provides that the governing bodies of the city and county may enter into agreements for the acquisition of roadways and construction thereof and "agree upon the proportion which each shall contribute toward such acquisition, construction, improvement or repair * * *." Nothing is said about assessments. This language refutes the argument that the legislature intended to give the city authority to levy assessments therefor in the noncity area.

■ The city also contends that the defendants, by not remonstrating while the improvement was in process, are now estopped from denying responsibility for assessments therefor. What we have already said rejects this contention, even if it had been pleaded, which it was not.

Affirmed.